5 : 20 MJ 1089

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Benjamin Taylor, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I have been employed by the Medina County Sheriff's Office (MCSO) since 2015. I previously worked for the Athens County Sheriff's Office as Reserve Deputy Sheriff for two years. I also have a Bachelor's degree majoring in Criminology and Sociology. I have completed in excess of 600 hours of training as prescribed by the Ohio Peace Officer Training Academy (OPOTA). I am presently assigned to the Ohio Northeast Smuggling Enforcement Team (ONSET). I am also assigned to Homeland Security Investigations (HSI) Cleveland as a Task Force Officer ("TFO"), where I routinely investigate violations of federal statutes, to include violations of firearms, narcotics, and financial laws.

2. As a result, I am experienced in the means and methods used by persons and drug trafficking organizations to purchase, transport, store, and distribute contraband and the means and methods used to hide profits generated from those transactions. I have written and/or participated in the execution of federal and state search warrants involving, illegal exports, violent crime, and the use and trafficking of narcotics and narcotics smuggling.

3. I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7) and am authorized under the Federal Rules of Criminal Procedure, Rule 41, to request an arrest warrant.

4. I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish the necessary foundation for an order authorizing the arrest of Jovani Margarito PEREZ.

5. I submit the facts set forth above establish probable cause to believe that in the State and District of Northern of Ohio on or about March 9, 2020, the defendant, Jovani Margarito PEREZ, did knowingly possess with intent to distribute a controlled substance, to wit fentanyl analog, in violation of 21 U.S.C. § 841. Accordingly, I request the issuance of a criminal complaint and arrest warrant.

### FACTS OF THE INVESTIGATION

1

1. On March 9, 2020, the affiant, Task Force Officer ("TFO") Benjamin Taylor initiated a surveillance in the area of Medina, Ohio, for an individual by the name of Jovani Margarito PEREZ, hereby referred to as PEREZ. TFO Taylor was able to locate a picture of PEREZ.

2. TFO Taylor observed PEREZ exit a building, carrying a brown backpack, and pulling a small black suitcase behind him. PEREZ carried both of these bags to a vehicle parked in the parking lot of the building, a black Chevrolet Traverse, bearing New York Registration Plate JLD8534 (hereinafter referred to as "Target Vehicle"). TFO Taylor observed PEREZ place the bags into the Target Vehicle. PEREZ then went back inside the building and exited a few moments later.

3. TFO Taylor had previously contacted the MCSO dispatch and had found that New York Registration Plate JLD8534 was registered to a rental car company. Once Perez was back by the Target Vehicle, TFO Taylor observed PEREZ spend a significant amount of time near the Target Vehicle, noting that it took PEREZ several minutes to pull out of his parking space. TFO Taylor then observed PEREZ drive the Target Vehicle to a Shell gas station. TFO Taylor observed PEREZ park the Target Vehicle near a gas pump on the west side of the fueling station isle. A short time later, TFO Taylor observed PEREZ enter the Target Vehicle again, again taking a significant amount of time to start driving. Once PEREZ did begin driving again, PEREZ began traveling eastbound on State Route 18 from Eastpointe Drive, where TFO Taylor observed him turn southbound on Interstate 71 from State Route 18.

4. Due to TFO Taylor's observances, he requested that other law enforcement officers, including officers in uniform and in marked police cars, assist in his investigation. While following PEREZ, TFO Taylor observed the Target Vehicle PEREZ was driving travel over the solid line on the east side of the roadway, with the tires of the driver's side of his vehicle travel far enough over the solid line that TFO Taylor could see a clear space between the inside of the vehicle's tires and the solid line, conducting a driving in marked lanes violation. TFO Taylor advised his brother officers of the violation,

and a traffic stop was conducted on the Target Vehicle at approximately 11:40AM, on Interstate Route 71 southbound near mile marker 214 in Montville Township, Medina County, Ohio.

5.  TFO Taylor responded to the scene of the traffic stop. Once on scene, Deputy King of the MCSO, who had stopped PEREZ's vehicle, advised TFO Taylor that while conducting the traffic stop, Deputy King had received consent to search the Target Vehicle from PEREZ. Deputy King then requested an additional unit to respond to the scene. Deputy King advised TFO Taylor that once Chief Meyers of Westfield Center Police Department arrived on scene, he confirmed with PEREZ that he had given consent to search the Target Vehicle. Deputy King then began searching the Target Vehicle. Deputy King advised that during the course of his search, Patrolman ("Ptl.") Banks #809 of Seville Police Department arrived on scene to assist with the search. Deputy King advised that Ptl. Banks located two packages under the second-row passenger's side seat that he believed contained narcotics. Deputy King advised that during the search of the small suitcase that TFO Taylor had observed PEREZ load into the Target Vehicle, that Deputy King located an additional package that he believed contained narcotics, and three additional packages that he believed contained currency. Deputy King advised me that he had already advised PEREZ of his Miranda Rights, and advised that he was currently secured in the back of a patrol car.

6.  TFO Taylor then inspected the packages that had been located during the search. The two packages located under the passenger's side second row seat had "ING" written on the outside of their packaging and appeared to be wrapped in various layers of clear plastic wrap and carbon paper. Both of these packages had been partially wrapped in an adhesive tape, holding the two packages together. In inspecting the packages in the suitcase, TFO Taylor observed that one of the packages appeared to match the same wrappings as the first two located under the seat, noting that this package had been taped into place inside the suitcase using what appeared to be the same type of tape as the first two packages had been wrapped in. Through TFO Taylor's training and experience, he believed that the

3

three packages all contained suspected narcotics. TFO Taylor also observed three smaller packages taped inside the suitcase as well, that appeared to contain U.S. currency. At this time, the search of the Target Vehicle was resumed. Once the search was resumed, additional U.S. currency was located in a Trojan condom box, in the backpack TFO Taylor had observed PEREZ carry out and put in the Target Vehicle. Ptl. Banks advised TFO Taylor that he had located a sum of U.S. currency on PEREZ'S person while securing him in his patrol vehicle. Ptl. Banks provided this U.S. currency to TFO Taylor. Ptl. Banks also gave TFO Taylor PEREZ's personal items that were in his pockets at the time he was secured. Among these items was PEREZ's wallet. Inside this wallet was additional U.S. currency. The total currency recovered was approximately $18,000.

7. At the conclusion of the search, a total of three packages containing suspects narcotics, 3 packages containing suspected U.S. currency, U.S. currency located in the Trojan condom box, U.S. currency located on PEREZ'S person, 2 cell phones, U.S. Currency located in PEREZ's wallet, the suitcase, and backpack were collected as evidence. These items were collected by Agents of ONSET and were transported to the MCSO. Deputy King transported PEREZ back to the MCSO. Once at the MCSO, I attempted to speak with PEREZ about this matter. PEREZ advised that he would be exercising his rights to remain silent and to speak to a lawyer. At this time, Special Agent Stephen Babers and TFO Taylor attempted to perform a presumptive test on the suspected narcotics using NIK tests. Due to not receiving a clear result in the sample, TFO Taylor transported all of the evidence previously listed in this affidavit to the HSI Cleveland Office in Brooklyn, Ohio. Once on scene, Special Agent David Gibson conducted the presumptive test on the package of suspected narcotics that had been located in the suitcase. In conducting this test, Agent Gibson received a result that the substance inside this package tested positive for the presence of a fentanyl analog. The packaging and labeling on this package appear to match the written label on the two other packages and appears to be wrapped with the same types of materials as the two other packages. The package that was tested had an approximate weight of 1123.4

4

grams. The first of the two unopened packages weighed approximately 1079.3 grams, and the second unopened package weighed approximately 1086.9 grams, for a total weight of the three packages being approximately 3289.6 grams. The three packages, the three packages of suspected U.S. currency, U.S. currency located in the Trojan box, U.S. currency located on PEREZ's person, U.S. currency located in PEREZ'S wallet, 2 cell phones, suitcase, and backpack were logged into evidence at the HSI Cleveland Office.

8. I submit the facts set forth above establish probable cause to believe that in the State and District of Northern Ohio on or about March 9, 2020, the defendant, Jovani Margarito PEREZ, did knowingly possess a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Possession with intent to distribute of 100 grams or more of a mixture or substance containing a detectable amount of a fentanyl analogue). Accordingly, I request the issuance of a criminal complaint and arrest warrant.

BENJAMIN TAYLOR
TASK FORCE OFFICER
IMMIGRATION AND CUSTOMS ENFORCEMENT
U.S. HOMELAND SECURITY INVESTIGATIONS

Sworn and subscribed to before me this 11th day of March 2020.

KATHLEEN B. BURKE
UNITED STATES MAGISTRATE JUDGE