IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20CR223 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| JOVANI MARGARITO PEREZ, | ) | |
| | ) | **REPORT AND RECOMMEN-** |
| Defendant. | ) | **DATION RE DEFENDANT'S** |
| | ) | **CHANGE OF PLEA** |

Pursuant to General Order 99-49, the District Judge referred this case to me to receive with the consent of the parties defendant Jovani Margarito Perez's offer of a plea of guilty, to conduct the plea colloquy prescribed by Fed. R. Crim. P. 11, to cause a verbatim record of the proceedings to be prepared, to refer the matter, if appropriate, for presentence investigation, and to submit a report and recommendation stating whether Perez's plea of guilty should be accepted and a finding of guilty entered.[1] Accordingly, on February 3, 2022, Perez, accompanied by his lawyer, Terry H. Gilbert, Esq., proffered pursuant to the terms of a written plea agreement a plea of guilty to the one-count indictment against him filed on March 19, 2020.[2] Assistant United States Attorney

---

[1] ECF #31.
[2] ECF #8.

Damoun Delaviz was present on behalf of the government.  Prior to the change of plea hearing, Perez and counsel consented to conducting this hearing before me.[3]  I conducted this hearing via Zoom video conferencing.  Perez and counsel also consented to proceeding in this manner.

Upon consideration of the change of plea hearing and the information proffered to me during it, I make the following findings:

1.      Given the current pandemic and the required restrictions it has imposed on the Judiciary and the parties who appear before me, I find that the proceedings in this case cannot be further delayed without causing serious harm to the interests of justice.  For this reason, I conducted the change of plea hearing with Perez and counsel present and participating by video conferencing.

2.      Before Perez offered his plea of guilty, I examined him as to his competency, advised him of the charges and consequences of conviction, informed him that the Court will be required to give consideration to the Federal Sentencing Guidelines and of the possibility of a departure from the Guidelines, notified him of his rights associated with a trial in this case, advised him that he waives those trial rights by pleading guilty except the right to counsel, and otherwise provided Perez with the information prescribed in Fed. R. Crim. P. 11.

3.      The parties reported that they entered into a written plea agreement, which I posted on the screen during the video conference, though Perez confirmed that he also had

---

[3] ECF #32.

2

a copy of the agreement with him.  Counsel reviewed the terms of that agreement, and I reviewed those terms with Perez to ensure that he understood them before changing his plea in this case.  Counsel further advised me, and Perez confirmed, that, aside from the written plea agreement, no other commitments or promises have been made by any party, and no other agreements, written or unwritten, have been made between the parties in conjunction with this case or Perez's decision to change his plea.

4.      I questioned Perez under oath about the knowing, intelligent, and voluntary nature of the plea of guilty.  He demonstrated and confirmed for me that he was offering his plea of guilty knowingly, intelligently, and voluntarily; and that he is competent to do so.

5.      Counsel provided me with sufficient information about the offenses charged in the one-count indictment and Perez's criminal conduct to establish a factual basis sufficient for Perez's guilty plea to the indictment.  I also reviewed with Perez the pertinent parts of the written plea agreement that reflect the factual basis, and Perez acknowledged that the factual basis as set forth in the written plea agreement was accurate.

In light of the foregoing and the record created in conjunction with the change of plea hearing, I find that Perez's plea of guilty to the one-count indictment pursuant to the parties' written plea agreement was knowing, intelligent, and voluntary.  I further find that all requirements imposed by the United States Constitution and Fed. R. Crim. P. 11 have been satisfied.  Accordingly, I recommend that Perez's plea of guilty made pursuant to the parties' written plea agreement to the charge set forth in the indictment against him be accepted and a finding of guilty be entered by the Court.

Dated: February 4, 2022                          s/ William H. Baughman, Jr.
                                                 United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Any party may object to this Report and Recommendation.  To do so, you must serve and file your objections with the Clerk of Court within 14 days after being served with this Report and Recommendation.  If this document is being served on you by mail, service by mail is complete when the document is mailed, not when you receive it.  If you fail to serve and file your objections within this 14-day time period, you forfeit your rights on appeal, absent a showing of good cause for such failure.